Filed 6/17/24  P. v. Sexton CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BILLY LEE SEXTON, JR., <br><br> Defendant and Appellant. | F086942 <br><br> (Super. Ct. No. 1423588) <br><br> **OPINION** |

THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

In 2015, pursuant to a negotiated plea, defendant Billy Lee Sexton, Jr., pleaded nolo contendere to felony carjacking (Pen. Code, § 215, subd. (a); count I) and admitted he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)) and a prison prior enhancement (§ 667.5, former subd. (b)). (Undesignated statutory references are to the Penal Code.) In accordance with the negotiated plea agreement, the court sentenced defendant to the upper term of nine years on count I, an upper term of 10 years on the section 12022.5, subdivision (a) firearm enhancement, and an additional one-year term for the prison prior enhancement, for a total sentence of 20 years.

After defendant was referred for resentencing under section 1172.75, the court struck his one-year prison prior enhancement and resentenced defendant to 19 years' imprisonment. During the resentencing hearing, the court stated it found clear and convincing evidence a lesser sentence would endanger public safety.

Defendant appeals from the resentencing order. Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) asking us to independently review the record. Defendant filed a letter brief arguing the court abused its discretion in concluding a lesser sentence would endanger public safety and his counsel provided ineffective assistance by failing to discuss his mental health at resentencing.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a description of the relevant facts and procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

2.

## FACTUAL AND PROCEDURAL HISTORY

### *Charges, Plea, and Original Sentence*

In 2011, defendant was charged with felony carjacking (§ 215, subd. (a); count I) with a section 12022.53, subdivision (c) enhancement for personal discharge of a firearm, felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(1); count II) with a section 12022.5, subdivision (a) enhancement, felon in possession of a firearm (former § 12021, subd. (a); count III), assault with a firearm (§ 245, subd. (a)(2); count IV), and willfully causing harm or injury to an elder (§ 368, subd. (b)(1); count V). It was further alleged he suffered two prior prison terms pursuant to section 667.5, former subdivision (b).

In 2015, defendant pleaded nolo contendere to felony carjacking (§ 215, subd. (a); count I). During the change of plea hearing the following colloquy took place:

> "[THE COURT:] [Defendant], it's my understanding you wish to resolve the case for a state prison sentence. It would be a sentence of nine years on Count I for the aggravated term, an additional ten years for the enhancement pursuant to 12022.5(a). This would be a lesser included offense to the enhancement that's currently charged in the Information. You would also be admitting a prison prior for an additional year. Total sentence being 20 years …. [¶] Is that what you wish to do?
>
> "THE DEFENDANT: I do."

The parties, through counsel, stipulated "the aggravated term is the appropriate sentence based on the negotiated disposition and the facts in the preliminary hearing transcript," and there was a factual basis for the plea based on the preliminary hearing. Defendant stated he understood the court's advisement that if he had any objections to the conditions of the plea and sentence, he was required to state those objections at the hearing or they would be deemed waived. He also acknowledged as part of the plea that the crime was a serious and violent felony that qualified as a strike.

The court stated it had "considered facts both in mitigation and aggravation based on stipulation of the parties and the preliminary hearing transcript, and finds the

circumstances in aggravation outweigh the circumstances in mitigation. It imposed a nine-year upper term sentence on count I pursuant to the negotiated plea agreement. Defendant also admitted a section 12022.5, subdivision (a) firearm enhancement, a lesser included enhancement to the section 12022.53, subdivision (c) firearm enhancement charged, and one section 667.5, former subdivision (b) prison prior enhancement and was sentenced, respectively, to an additional upper term of 10 years and one year based upon the enhancements, for an aggregate term of 20 years. The court imposed a $6,000 restitution fine pursuant to section 1202.4, subdivision (b) and an identical parole revocation fine pursuant to section 1202.45 that was ordered stayed subject to successful completion of parole. The court also imposed a $40 court operations assessment pursuant to section 1465.8 and conviction assessment of $30 pursuant to Government Code section 70373.

### *Resentencing Proceedings*

On January 11, 2023, defendant filed a "Resentencing Brief and Invitation for the Court to Strike and/or Dismiss Enhancements." He stated the Secretary of the California Department of Corrections and Rehabilitation (CDCR) identified him in July 2022 as a person in custody serving a sentence that includes a now invalid section 667.5, subdivision (b) enhancement. So, he was eligible for recall and resentencing. He asserted, after the court strikes his invalid prison prior enhancements, it should conduct a full resentencing at which "'changes in law that reduce sentences or provide for judicial discretion'" should apply. He urged the court to apply the changes enacted by: Senate Bill No. 81 (2021–2022 Reg. Sess.) to section 1385, Senate Bill No. 620 (2017–2019 Reg. Sess.), which provides the trial court with discretion to strike and/or dismiss firearm enhancements, and Senate Bill No. 567 (2021–2022 Reg. Sess.), which created a presumption in favor of imposition of the middle term unless circumstances in aggravation have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or judge in a trial. He asserted he did not join his counsel's stipulation

4.

that the aggravated term was the appropriate sentence based upon the negotiated disposition and facts in the preliminary hearing, though he did not object to it. The motion noted defendant was raised by his mother who had "schizoaffective disorder," was a drug user, and with whom he used drugs; defendant's mother committed suicide in 2014. Additionally, defendant's father "was a heroin user who was incarcerated in state prison for the crime of robbery." The motion further alleged defendant "has serious mental health issues and multiple diagnoses including chronic depression and PTSD," and he has "attended special education classes and receives mental health treatment at CDCR." Defendant attached to his brief the charging document, a transcript of the change of plea and sentencing hearing, and evidence of defendant's multiple "Milestone Completion" records while incarcerated.

The court issued an order on April 4, 2023, stating, pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), the CDCR provided it with information indicating defendant is an individual who has served his base term and any other enhancements and is currently serving a sentence based on the enhancement. The court appointed the public defender's office to represent defendant for purposes of resentencing pursuant to Senate Bill 483 and set a resentencing hearing.

Before the hearing, the People filed a response brief to defendant's resentencing brief. They detailed the facts underlying the instant offense and defendant's prior criminal history, which included multiple prior offenses and violations of parole, and indicated a certified copy of defendant's criminal history would be provided at the hearing. The People also detailed and attached evidence of defendant's prison conduct, which included numerous rules violations and/or "counselings." They explained, in 2022, defendant "battered two correctional officers," and "[d]ue to [defendant's] mental state, the rules violations were downgraded to counselings." They noted "[t]he Solano County District Attorney's office also did not file charges." The People argued the court should strike the now invalid section 667.5, subdivision (b) prison prior enhancement, but

the remainder of defendant's sentence remained appropriate, and clear and convincing evidence supported denial of additional resentencing pursuant to section 1172.75, subdivision (d)(1). They asserted Senate Bill No. 81's changes to section 1385 did not support additional resentencing because "the facts of [the current] offense include none of the mitigating circumstances enumerated in … section 1385," noting there was no evidence defendant's "mental health issues … were connected to the current offenses." They further argued defendant's release "would clearly endanger public safety and ask[ed] the Court not to grant any additional resentencing." In support, they asserted defendant "had an extensive criminal history." "While in custody awaiting resolution of the instant offense, [defendant] committed battery on a fellow inmate—breaking the inmate's jaw. While in prison, [defendant] has committed multiple offenses including battery on two correctional officers." They also urged the court not to exercise its discretion to strike defendant's firearm enhancement, contending it was "not supported by the facts surrounding [defendant's] case." They asserted defendant should still be sentenced to the upper term despite Senate Bill No. 567's amendments to section 1170. They argued the court could properly consider defendant's prior convictions, which supported imposition of the upper term. They further argued the court did not exercise its discretion when selecting the lower, middle, or upper term in this case because defendant was sentenced in accordance with the plea agreement, citing in support *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314.

The court held a resentencing hearing on September 15, 2023. Defense counsel noted the parties were in agreement the section 667.5, subdivision (b) prior needed to be stricken. She asked the court to exercise its discretion to reduce or stay the firearm enhancement and to resentence defendant to the middle term for the carjacking offense, despite the sentence in the case being "an agreed-upon disposition." She argued, "The plea remains, and the only way now to impose an upper term is if the defendant has stipulated to the factors in aggravation or they were found beyond a reasonable doubt by

6.

either a court in a court trial or a jury, and those things did not happen." She expressed defendant's sentiments, including his promise that "he will not have anything to do with methamphetamines or firearms" should the court grant him relief; he would like to go home to see his sick grandmother; and prison has "been extremely difficult for him," and is more violent, challenging and degrading "if you are somebody who has mental health issues."

The People responded: "In 2010, [defendant] shot at the victim's truck and jumped through the window of the broken window. The victim, a 74-year-old man, sat in the driver's seat as defendant got on top of him and they fought for control of the vehicle. Eventually, the vehicle drove through the victim's house, crashing through his wall. [¶] Six years ago, the defendant pled no contest to carjacking, admitting his ten-year firearm enhancement, and he was in custody in this matter for two years when he broke another inmate's jaw while waiting resolution in this case. [¶] Last year, he battered two correctional officers on two separate occasions. The intent of 12022.53 and its contemporaries is that it protects the citizens and deters others from violence. This was not the defendant's first violent crime, and as we can see … while he's been in custody, he remains violent. He admitted his prior conviction at plea, and there are cases as briefed that have suggested that is sufficient for the aggravated term to remain as it is. And for those reasons, the People ask the Court not to re-sentence outside of the 667.5(b) strike."

The court stated, "[I]n this matter, obviously a very, very serious crime took place, and I will find by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Accordingly, it denied the request to strike or dismiss additional enhancements, struck defendant's invalid section 667.5, former subdivision (b) prior prison enhancement, and resentenced defendant to an upper term of nine years on count I and 10 years on the section 12022.5 firearm enhancement for an aggregate term of 19

7.

years.  The court reimposed the same fines and fees it imposed at the initial sentencing hearing.

After resentencing, on April 2, 2024, appellate counsel filed a letter with the superior court pursuant to "the spirit of *People v. Fares* (1993) 16 Cal.App.4th 954" and "the terms of *People v. Clavel* (2002) 103 Cal.App.4th 516," asserting the custody credits listed in the abstract of judgment required correction in accordance with *People v. Buckhalter* (2001) 26 Cal.4th 20, 37.  Specifically, when defendant was originally sentenced on December 30, 2015, he received 2,218 days of credit for time spent in custody and the September 15, 2023, abstract of judgment issued after resentencing reflected the same amount of credit, but the court was obliged to credit defendant with all actual days he had spent in custody up to the time of resentencing.  The court set the matter for a hearing on May 17, 2024, and, thereafter, ordered the abstract of judgment to be amended to reflect actual credits of 5,035 days as of September 15, 2023.  An amended abstract of judgment was filed reflecting the updated credits on May 17, 2024.

## DISCUSSION

As noted above, appellate counsel filed a brief pursuant to *Delgadillo* and *Wende* with this court.  The brief included counsel's declaration that defendant was advised he could file his own brief with this court.  The court also advised defendant by letter that he could file a supplemental letter or brief raising any arguable issues.

Defendant filed a letter brief in which he asked us to independently review the record.  He also argued the court abused its discretion in finding a lesser sentence would endanger the public and his counsel provided ineffective assistance at resentencing.  We address and reject each of defendant's contentions in turn.

## I.     Applicable Law

In October of 2021, the Governor signed Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section

1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (*Id.*, at subd. (a).) Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Additionally, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or

9.

have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(4).)

## II.    Analysis

### A.    Resentencing Court Did Not Abuse its Discretion by Finding a Lesser Sentence Would Endanger Public Safety

Defendant first argues the court abused its discretion in finding that imposing a lesser sentence would endanger public safety.  Specifically, he asserts the court's finding that reducing his sentence would endanger public safety "was apparently based on my conduct in prison, as I was written up for attacking two prison guards," but "I am not a violent person" and "have continually been placed in lower security housing."  He asserts, "I do have significant mental health issues and was in a mental health crisis when the guards attempted to extract me from my cell causing me significant injuries," and "[a]lthough I was written up for assault upon the officers, that case was dropped."

We review for abuse of discretion the trial court's sentencing decisions.  (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense the offender, and the public interest'"]; accord, *People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 [reviewing for abuse of discretion court's decision not to strike or dismiss a sentencing allegation under § 1385]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 [concluding abuse of discretion is proper standard of review for trial court's determination dismissal of firearm enhancement would endanger public safety]; see also *People v. Garcia* (2024) 101 Cal.App.5th 848, 856 ["[W]e review for an abuse of discretion a superior court's decision under section 1172.75, subdivision (d)(1), that reduction of a defendant's sentence would endanger public safety"].)  "The abuse of discretion standard is highly deferential." (*People v. Mendoza*, *supra*, at p. 298.)  "First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing

10.

decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, at pp. 376–377.)

We cannot conclude the court abused its broad discretion in determining a lesser sentence would endanger public safety. Here, contrary to defendant's contention, the court's statement at sentencing reflects its conclusion a lesser sentence would endanger public safety appears to have been tied to its assessment of the circumstances of the current offense as opposed to defendant's postconviction conduct. And the record supports the court's statement that defendant was convicted of a "serious" crime. Defendant was convicted of carjacking—a serious and violent felony as those terms are defined by sections 667.5, subdivision (c)(17), and 1192.7, subdivision (c)(27). Defendant also admitted he personally used a firearm during the commission of the offense. (See § 12022.5, subd. (a).) Thus, the circumstances of the instant offense alone support the trial court's finding that imposing a lesser offense would endanger public safety. (See *People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 299 ["Given the court's consideration of the circumstances of the crime and the court's determination that a long sentence was necessary for [the defendant] to become rehabilitated after committing such a crime, we cannot say that the court's determination that dismissal of the enhancement 'would endanger public safety' … was 'so irrational or arbitrary that no reasonable person could agree with it'"].) Accordingly, we reject defendant's contention the court

abused its broad discretion in concluding a lesser sentence would endanger the public.[1] (*People v. Carmony*, *supra*, 33 Cal.4th at p. 376 [holding trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it].)

Notably, as discussed further *post*, the court had before it the People's briefing and evidence regarding the incidents involving defendant's batteries upon the peace officers, which reflect those rules violations were voided as a result of a finding defendant's "behavior [in those instances] was so strongly influenced by symptoms of mental illness or developmental disability/cognitive or adaptive functioning deficits." And the court expressly stated it read the moving papers including the People's response. Thus, it was aware of the circumstances surrounding those incidents.

Additionally, section 1172.75, subdivision (d)(3) expressly permits the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated" in considering whether "continued incarceration is no longer in the interest of justice." Thus, here, though the court did not refer to or explicitly rely on defendant's postconviction conduct in rendering its conclusion, it was entitled to do so.

---

[1]We note section 1172.75, subdivision (d)(1) provides: "Resentencing pursuant to this section *shall result in a lesser sentence than the one originally imposed* as a result of the elimination of the repealed enhancement, *unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety*. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (Italics added.) And here, the court sentenced defendant to a lesser sentence than originally imposed—19 years as opposed to the 20 years. Accordingly, in light of the lesser sentence imposed, a finding that defendant would endanger public safety was not required under section 1172.75, subdivision (d)(1) to justify the new sentence.

And, as the People noted below, there was no evidence presented any of the mitigating circumstances listed in section 1385, subdivision (c)(2) were present here such that they should have been "afford[ed] great weight" and "weigh[ed] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

## B.  Defendant Has Not Established His Counsel Provided Ineffective Assistance at Resentencing

Defendant also asserts his counsel was prejudicially deficient at the resentencing hearing in that she "never brought the facts about [his] mental health" or the fact he "never intentionally assaulted any guards during [his] mental health crisis to the attention of the court."  We reject defendant's contentions.

A defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness" measured against "prevailing professional norms."  (*Strickland v. Washington* (1984) 466 U.S. 668, 688.)  In evaluating trial counsel's actions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  (*Id.* at p. 689; see *People v. Dennis* (1998) 17 Cal.4th 468, 541.)  Thus, a defendant must overcome the presumption the challenged action might be considered sound trial strategy under the circumstances.  (*Strickland*, *supra*, at p. 689; *Dennis*, *supra*, at p. 541.)  "Reasonableness must be assessed through the likely perspective of counsel at the time."  (*People v. Ochoa* (1998) 19 Cal.4th 353, 445.)  We """"defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.""""  (*People v. Hinton* (2006) 37 Cal.4th 839, 876.)  """"[C]ourts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight" [citation].  "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts." [Citation.]'  [Citation.]"  (*Ibid.*)  """"[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] … unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.'"  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; accord, *People v. Scott* (1997) 15 Cal.4th 1188, 1212; see *People v.*

13.

*Hernandez* (2004) 33 Cal.4th 1040, 1053.) Additionally, the defendant must also establish prejudice: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, *supra*, at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Ibid.*)

First, contrary to defendant's contention, his counsel did allege in the resentencing brief below that defendant "has serious mental health issues and multiple diagnoses including chronic depression and PTSD" and he has "attended special education classes and receives mental health treatment at CDCR." And, at the hearing, she also conveyed defendant's position that "prison is a very violent, challenging and degrading way to live your life, and this is even more so if you are somebody who has mental health issues." Thus, defendant's mental health issues were raised during the resentencing proceedings.

And the record does not shed light on why counsel did not discuss defendant's mental health further or its role in the specific incidents involving defendant's battery upon the prison guards while in custody. However, we can discern reasonable, tactical reasons for counsel's omission. Initially, defendant has not alleged nor is there evidence before us that he suffered from mental illness at the time of the instant offense or that his conduct giving rise to the charges in the instant matter was "connected to mental illness," as would be required for defendant's mental illness to be considered a mitigating circumstance pursuant to section 1385, subdivision (c)(2). Defense counsel, thus, could have also reasonably concluded the court's consideration of defendant's mental health would not have been beneficial to defendant. With regard to the role defendant's mental health played in his two in-prison batteries on peace officers, the People submitted evidence related to those incidents with their briefing, including findings defendant's "behavior [in those instances] was so strongly influenced by symptoms of mental illness or developmental disability/cognitive or adaptive functioning deficits that he would be better served by documenting his behavior in an alternate manner," and, accordingly, the

14.

related rules violation reports were voided.  Accordingly, defense counsel could have reasonably determined the court was aware that defendant's mental health played a role in those specific postconviction incidents, so it was unnecessary to discuss them further. She also could have made the tactical decision not to focus on defendant's postconviction infractions.

We also cannot conclude defendant has established a reasonable probability the result of the proceeding would have been different absent counsel's alleged deficiency. Said differently, defendant has not established a reasonable probability that if his counsel had discussed his mental health further, he would have obtained a more favorable sentence.  As noted, defense counsel discussed defendant's mental health issues in the resentencing briefing below, and the court had before it evidence of the role defendant's mental health played in his postconviction batteries upon peace officers while in custody. Furthermore, the court emphasized the seriousness of the offense that gave rise to the instant charges in concluding a lesser sentence would endanger public safety.  The court also had before it evidence of defendant's other infractions while in prison.  On this record, we cannot conclude defendant has made a showing it is reasonably probable he would have obtained a more favorable result had his counsel discussed his mental health further at the hearing.  Thus, he has failed to establish he was prejudiced by the alleged deficient conduct.

Having carefully reviewed the entire record, we conclude there is no arguable issue on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The order is affirmed.

15.